sion which was in form mandatory, but did not affect the result of the election, its fairness and honesty, should not be allowed to defeat the candidate who had received a majority of the votes.

*Northcote* v. *Paulsford*, 10 L. R. C., p. 476.

The case at bar is analogous to that case. Rogers, it is agreed, was legally nominated, that is, by the democratic convention. The votes received on both tickets, if added together, give him a majority of the votes. The result of the election was not affected by the manner in which his nomination was placed on the ballot. Even if the directions of the statute which relate to the manner and course of his nomination were in form mandatory, and even if one of his nominations, his nomination by the Populists, was irregular or illegal, these facts are not sufficient to outlaw the votes cast by the Populists for Rogers, and thus defeat the will of the electors.

There are pretexts for rejecting the seventy-one votes cast by the Populists for Rogers, which would have enabled me to reach a conclusion in harmony with my political sympathies, but they are only pretexts. They do not commend themselves to one's reason or sense of moral fairnes; nor are they sustained by the spirit of the election law.

Judgment for the contestee.

*Maynard, Daugherty & Worthington*, for contestant.

*Logan, Hidy & Gardner*, for contestee.

(Affirmed by the Circuit Court.)

---

(Stark County Court of Common Pleas.)

THE CENTRAL SAVINGS BANK COMPANY *v.* WILLIAM LANGEN-
BACH ET AL.

1. In an action where property is attached, and summons returned "not served," and the defendant is brought in by publication, made eight months after the return of summons, the lien of the attachment thus created will be superior to the liens of attachments issued and levied on the same property after the commencement of such action, and before said publication was made.
2. An action is not commenced alone by filing a petition and an affidavit for publication, and making publication, but *a summons must be issued* whether service can be had only by publication or not.
3. Property seized under an order of attachment issued in a case where no summons was issued, creates no valid lien on the property as against other lienholders.

---

McCARTY, J.

The controversy here is between two attaching creditors, each claiming to have a prior lien over the other, and the action is brought to determine the priorieties of liens, and for an order directing a sale of the property attached.

On the 11th day of July, 1893, Edward Langenbach began an action in this court against William Langenbach by filing a petition and causing a summons to issue thereon. He also, at the commencement of his action, began a proceeding in attachment to be issued and levied on the real estate of said William Langenbach, and caused notice to be served on a garnishee, who answered admitting he was indebted to said William Langenbach.

The summons was returned "not served,"—the defendant William Langenbach having absconded,—and no steps were taken to make service

by publication until in March, 1894, when, during a portion of that month and April and May, service by publication was duly made, and at the May Term, 1894, he recovered a judgment for the sum of $4,727,62, and costs, and an order to sell and apply the proceeds of the property of William Langenbach so attached to the payment of his judgment and costs.

After the defendant Edward Langenbach began his action and proceedings in attachment, and before he made service by publication, to-wit, on the twenty-second day of February, 1894, the plaintiff, The Central Savings Bank Company, filed its petition against said William Langenbach, and also filed an affidavit for publication, and caused service by publication to be made.

It also, at the time of filing its petition, began a proceeding in attachment against said William Langenbach, and caused the same property to be attached as was levied on and garnisheed by Edward Langenbach in his proceeding. No præcipe for summons was filed, and no summons was in fact issued in this so-called action of The Central Savings Bank Co., against William Langenbach. And on June 15, 1894, the Bank Company recovered a judgment against said William Langenbach for the sum of $2,510.47, and costs of suit, and an order to sell and apply the proceeds to the payment of its judgment and costs.

The plaintiff claims that the defendant Edward Langenbach having taken no steps to have William Langenbach brought into court from July 11, 1893, till March, 1894, that his proceeding in attachment was invalid, and the lien—if any lien was created thereby—was inferior to the lien of plaintiff.

The defendant, Edward Langenbach, claims that his seizure of the property was valid notwithstanding the fact that he did not cause service by publication to be made until eight months after he began his action. He also claims that as the plaintiff in its action never caused summons to issue, that its attachment was issued without authority of law.

These are the claims made by the parties respectively, and the question to be determined is, which is right? The defendant Edward Langenbach having commenced his action by filing his petition and causing a summons to issue thereon, his attachment bound the property from the date of its seizure and notice to garnishee.

The court acquired jurisdiction by the proper commencement of the action and proceedings in attachment, and the delay of eight months in making service by publication, would not defeat the jurisdiction thus acquired.

*Bacher* v. *Shawhan*, 41 Ohio St. 271.

How stands the lien of the plaintiff—The Bank Company? An action is commenced by the filing of a petition, and causing a summons to issue thereon. The issuing of a summons is a condition precedent to the commencement of every action whether service can only be had by publication or not. Rev. Stat., sec. 5035. 1 Yaple, 125. 2 Bates, 983.

The plaintiff must also file with the clerk a præcipe stating the names of the parties to the action and demanding a summons.

No attachment can issue until a civil action is commenced by the filing of a petition and causing a summons to issue thereon. The issuing of a summons is as important an element in the commencement of an action as is the filing of a petition.

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." Rev. Stat. 5035.

Until an action is so commenced, there is no action in which an attachment can issue.

An attachment is a remedy auxiliary to an action for a money judgment. Without an action there is no foundation for the attachment. The order of attachment caused to be issued by the Bank Company before an action was brought by filing a petition *and causing a summons to issue thereon*, was unauthorized and void, and could therefore give it no priority over other liens. 35 Ohio St. 661.

Decree for the defendant Edward Langenbach.

*Day, Lynch & Day*, for plaintiff.

W. *J. Piero* and *C. T. Meyer*, for defendant.